IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| GREG W. SCHOENLEIN, #A5019148, | ) ) ) | CIVIL NO. 08-00503 HG-KSC |
| Plaintiff, | ) ) | FINDINGS AND RECOMMENDATION TO DENY MOTION FOR ENTRY OF |
| vs. | ) ) ) | DEFAULT JUDGMENT |
| CLAYTON FRANK, FRANCIS SEQUIERA, BENNETT DIAZ, SGT. ARTHUR CARTER, PATRICK ESEROMA, | ) ) ) ) ) | |
| Defendants. | ) ) | |

**FINDINGS AND RECOMMENDATION TO DENY MOTION
FOR ENTRY OF DEFAULT JUDGMENT**

Plaintiff is a prisoner proceeding pro se and *in forma pauperis* in this prisoner civil rights action.  Plaintiff seeks entry of default judgment, alleging that Defendants have failed to answer the Complaint or otherwise plead "within 20 days of recieving [sic] a properly served court summons." [Doc. 21 at 1]

Prior to obtaining a default judgment under Rule 55 of the Federal Rules of Civil Procedure 55, there must be an entry of default as provided by Rule 55(a).  *See* Fed. R. Civ. P. 55(a); *see also Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981).  Default judgment can only be entered "against a defendant against whom default has been entered."  *Brooks v. United States*, 29 F.

Supp. 2d 613, 616 (N.D. Cal. 1998).  The decision to enter default is in the discretion of the court.  *See Alan Neuman Productions v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1989).

Plaintiff has made no request for entry of default here.  As such, entry of default judgment would be premature.  Moreover, a request for default would not be granted in this case, as it is clear that Defendants have not been personally served with the complaint, and are therefore not required to file an Answer within twenty days.  On November 25, 2008, the court granted Plaintiff's *in forma pauperis* application and directed the U.S. Marshal to serve the amended complaint.  [Doc. 7]  The Marshal was directed to request waivers of service of the summons and Amended Complaint from Defendants.  Defendants were given, at a minimum, thirty days to return the requests for waiver, before the Marshal was instructed to attempt personal service.  The docket shows that the Marshal sent the waivers to the Department of Public Safety on December 10, 2008.  [*See* Docs. 10-14]  If Defendants accept waiver of the service of summons and complaint, they then have sixty days, as calculated from the date the request for waivers were sent, within which to answer or otherwise plead.  *See* Fed. R. Civ. P. 12(a)(1)((A)(ii).  The court FINDS that Plaintiff's motion is premature, and RECOMMENDS that it be DENIED.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, January 20, 2009.



_____
Kevin S.C. Chang
United States Magistrate Judge

*Schoenlein v. Frank, et al.*, Civ. No. 08-00503 HG/KSC; Findings and Recommendation to Deny Motion for Entry of Default Judgment; pro se attys\F&R\DMP\2009\Schoenlein 08-503 HG KSC(dny dflt)